**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSE AYALA, SR.,** | **CIVIL ACTION** |
|               **Plaintiff,** | |
| | |
|     **v.** | |
| | |
| **TASTY BAKING COMPANY;** | **NO. 22-3849** |
| **LOCAL NO. 6, BAKERY,** | |
| **CONFECTIONARY, TOBACCO** | |
| **WORKERS AND GRAIN MILLERS** | |
| **INTERNATIONAL UNION; JACK** | |
| **GARRETT; CHRISTINE JOHNSON; and** | |
| **HALEY ANGELINE,** | |
|               **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Jose Ayala brings discrimination claims against, *inter alia*, his union, Local No.

6 Bakery, Confectionary, Tobacco Workers and Grain Millers International Union ("Local 6").

Defendant Local 6 moves to dismiss Counts I (42 U.S.C. § 1981 ("Section 1981)); II (Title VII

hostile work environment and disparate treatment); III (Title VII retaliation); IV (Americans with

Disabilities Act ("ADA") discrimination); V (ADA retaliation); and VI (Family and Medical

Leave Act ("FMLA") interference and retaliation) of Plaintiff's Second Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Plaintiff has had the opportunity to amend his Complaint twice to address concerns raised

by Local 6. When Local 6 filed a motion to dismiss his initial complaint, Plaintiff chose to file

---

[1] The parties previously stipulated to dismissing without prejudice Counts VII-XII of Plaintiff's Second Amended Complaint as being unripe at the time of its filing. *See* ECF No. 23. Accordingly, Defendant Local 6's motion to dismiss is moot to the extent it seeks to dismiss those counts pursuant to Federal Rule of Civil Procedure 12(b)(1).

an Amended Complaint rather than respond to Local 6's motion.  The parties then stipulated to Plaintiff filing a Second Amended Complaint to address certain concerns raised by Defendants and to potentially avoid unnecessary motions practice.  Local 6's motion addresses this Second Amended Complaint.

## I.     MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  When analyzing a motion to dismiss, the complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief."  *Id.* at 210-11.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Document "integral to or explicitly relied upon in the complaint" maybe considered without converting a motion to dismiss into one for summary judgment.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted and

emphasis removed).  Here, Plaintiff's Equal Employment Opportunity Commission ("EEOC")

charge of discrimination (#530-2022-05539), attached to Local 6's motion, may be considered

because it is relied upon by Plaintiff's Second Amended Complaint and there is no dispute as to

its authenticity.  Further, at the pleading stage, the statements in an EEOC charge of

discrimination are assumed to be true.  *See, e.g.*, *Wheeler v. Terrible Herbst Oil Co.*, 2013 WL

3974887, at *2 (D. Nev. July 30, 2013); *Smith v. Kroger Co.*, 2019 WL 3845465, at *2 (M.D.

Tenn. June 26, 2019*), report and recommendation adopted*, 2019 WL 3818896 (M.D. Tenn.

Aug. 14, 2019).

## II.   FACTUAL BACKGROUND

The full text of Plaintiff's narrative in his EEOC charge of discrimination against Local 6

is as follows:

> I am a Hispanic male and disabled/regarded as disabled.  My title is Machine
> Operator and I am a member of Local 6 Bakery Confectionery And Tobacco
> Workers International.  At the beginning of the year of January of 2022, me and
> Coworker, George Donahue (White), also a Machine Operator, were being
> harassed by Jack Garrett, Director of Operations for the company however
> Respondent recently stopped bothering George altogether.  I have
> communication between me and my coworker, but the same harassment has
> continued for me.  The harassment stopped for George around March or April of
> 2022.  They stopped giving him so much trouble.  George and I have worked
> together for over ten years.  It was nerve-racking and we were overwhelmed
> collectively.  I believe they are leaving him alone because he is an older
> gentleman.  Jack Garrett Operations Director of the company is the source of
> most of the harassment including having me do different things, provoking me
> and antagonizing me.  He was transferred from corporate office down south.  I
> reported the treatment to my immediate supervisor, Stanley Jean (Black), but
> nothing was done.  I made the necessary complaints that I needed to, but because
> Jack Garrett is higher up in the company, nothing is ever done.  Separately, I had
> reported to Jack Garrett about a different employee harassing me, Gerald LNU
> (last name unknown).  This person grabbed his genitals in an aggressive manner
> at me, but nothing was looked into.  Jack Garrett made chicken noises to me on
> one occasion.  I have tapes with dates and times of behavior of management and

Gerald LNU, that is in my report.  On one occasion, I notified Diane in Human Resources of employee Gerald LNU working in the back, taking his time with the separator, delaying production.  I believe I am being retaliated against because of my complaints about work-based treatment.  I had a situation before with an unknown human resources rep and this person harassed me as well.  I was on my way to physical therapy due to a work-related injury with the company.  Prior to me getting into my cab to go to physical therapy, I decided to go to HR director and notify her.  She harassed me and gave me a hard time about it.  I reported the behavior and by the time I got back from physical therapy, that person had been terminated.  I told my immediate supervisor Stanley Jean that the harassment.  [sic]  I told Norma Idean, superintendent.  I notified manager, Diane Orlando, I notified Jack Garrett, Operational Director and I went all the way to HR as well, Christine Johnson.  In addition to the work-based complaints, I started to report that the behavior was based on me being Hispanic.  Someone named Tyrone was harassing me as well in 2021, however, because of my complaints, Jack Garrett suspended me for three days and no action was taken against Tyrone.  When I came back, Tom Buck dismissed everything that Jack Garrett wrote me up for.  Presently, I am out of work because of a work-related shoulder injury.  I went out in the beginning of April of 2022 and I am not currently cleared to work by my physician.  There is no return to work date and I am not sure if I will go back.  They denied my workmans comp from the beginning.  I received two short term disability checks and then Respondent suspended it.  When I had my initial injury in 2019, torn rotator cuff, damaged nerves in neck and right arm, I went directly to the hospital.  My injury report documented this injury, despite this my injury report only currently reflects my shoulder injury.  The initial report, which I did physical therapy for a year is now unavailable.  *I have spoken with union lawyers and they are saying there is nothing with [sic] neck or right arm.*  I allege that I have been discriminated against based on my race (Hispanic), because of my sex (M), because I am disabled/regarded as disabled, and in retaliation for complaints of harassment/disparate treatment based on race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended and the Americans with Disabilities Act of 1990 (ADA), as amended, by being denied union representation. (emphasis added).

The only reference in the entire description of actions taken by Local 6 is the italicized portion at the end of the narrative, to wit: "*I have spoken with union lawyers and they are saying there is nothing with [sic] neck or right arm.*"  Nevertheless, in Plaintiff's Second Amended

4

Complaint, the facts alleged against Local 6 are much broader.  Shorn of legal conclusions, which include conclusory, "formulaic recitation[s] of the elements of a . . . claim," *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016), the allegations specifically against Local 6 are as follows:  Local 6 is the "sole collective bargaining agent for . . . employees of Defendant Tasty Baking Company" and has "undertaken by contract to oversee, manage, and assist employees including Mr. Ayala with employee grievances, disciplinary actions, labor disputes, wages, rates of pay, hours, and other terms and conditions of employment. . . ."  In this role, Local 6 was one of "two resources for relief from the nonstop coercion, threats, abuse, and discrimination and harassment in the workplace"—the other being Tasty Baking Company's human resources department—and, as a result, Local 6 "was significantly involved in the process by which Plaintiff reported discrimination and harassment in the workplace, and the ensuing retaliation."

The Complaint goes on to allege that two grievances were filed, apparently on Plaintiff's behalf, with the union during the course of his employment.  On March 3, 2021, Anita Fields, a shop steward, filed a grievance with Local 6 "for harassment, antagonizing and bullying behavior, and for not bargaining in good faith."  Then on April 26, 2021, Fields filed another grievance against Jack Garrett and Flower Foods (previously terminated as a defendant in this action) "due to disability discrimination and harassment, and violations of the FMLA."

In response to these grievances, according to the Complaint, Local 6 did not take "any action to help Plaintiff."  In other words, Plaintiff "sought help from Local 6, and Local 6 refused to take any action" and "refused to take steps to investigate and ameliorate" the alleged discrimination and harassment.  Plaintiff similarly alleges that Local 6 still "refuses to take any action to help Plaintiff and refuses to treat Plaintiff like a union member"; "[a]t all times material

5

to this civil action . . . did not take any action to correct or ameliorate the ongoing, illegal discrimination and harassment in the workplace"; "allowed and permitted the discrimination and harassment and hostile work environment to continue"; and "at all times failed to investigate or to take any remedial measures related to Plaintiff's multiple complaints of discrimination, harassment and hostile work environment."

As a result of Defendants' actions, including Local 6's conduct, Plaintiff says he was "forced to miss work due to [] severe anxiety and depression."  Furthermore, Plaintiff's "reports of discrimination and harassment in the workplace to Defendant, Local 6 led to a campaign of retaliation which led to Plaintiff being suspended and termination [sic] from his employment."

## III.    ARGUMENTS

### A.  Exhaustion of Administrative Remedies

As a preliminary matter, Local 6 argues that Plaintiff has failed to exhaust his administrative remedies with respect to his Title VII and ADA claims (Counts II to V) because the scope of his EEOC charge of discrimination does not encompass the claims raised in his Second Amended Complaint.

Before bringing suit pursuant to Title VII or the ADA, a plaintiff must first exhaust administrative remedies by filing a charge of discrimination with the EEOC.  *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001); *Simko v. United States Steel Corp*, 992 F.3d 198, 204 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 760 (2022).  Pursuant to EEOC regulation, the charge must include, *inter alia*, "[a] clear and concise statement of the facts, including pertinent dates, constituting the unlawful employment practice[]" and "describe generally the action or practices complained of."  29 C.F.R. § 1601.12(a)(3) & (b).

In determining whether an EEOC charge exhausts administrative remedies, the question

at issue is whether the acts alleged in the subsequent lawsuit are "fairly within the scope of [the] EEOC complaint or the investigation growing out of that complaint. . . ." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984); *see Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996); *Simko*, 992 F.3d at 208. The "scope of the original charge should be liberally construed" because charges are "most often drafted by one who is not well versed in the art of legal description." *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978).

Here, although in his EEOC charge Plaintiff alleges discrimination on the basis of race, sex, disability or being regarded as having a disability, and in retaliation for his complaints about his treatment, he does not describe even generally—except to say that he had spoken with union leaders and that they told him "there is nothing with [sic] neck or right arm"—what Local 6 did or did not do that supports his claims of discrimination: no dates, no names of individuals, and no particular actions taken or not taken. Even liberally construed, Plaintiff's Title VII and ADA claims against Local 6 do not fall within the scope of his EEOC charge. Accordingly, his Title VII and ADA claims against Local 6 will be dismissed for failure to exhaust administrative remedies. *See Oliphant-Johns v. City of Philadelphia*, 2002 WL 31819630, at *2 (E.D. Pa. Dec. 13, 2002) (dismissing with prejudice given that "leave to amend would be futile because the [c]omplaint must be dismissed for failure to exhaust administrative remedies").

### B. Failure to State a Claim

#### i. Section 1981

The administrative exhaustion requirements applicable to Plaintiff's Title VII and ADA claims do not apply to his Section 1981 claim (Count I). *Anderson v. Boeing Co.*, 694 F. App'x 84, 86 (3d Cir. 2017); *Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983). Nonetheless, this claim must also be dismissed. First, Plaintiff raises no argument directly in

response to Defendant's argument to dismiss his Section 1981 claim and has, accordingly, abandoned the claim. *See Delaware Valley Bindery Inc v. Ramshaw*, 2017 WL 4119597, at *4 (D.N.J. Sept. 18, 2017).

Even if that were not so, Plaintiff's Complaint contains no allegations from which the Court could reasonably infer that Local 6 intended to discriminate against him on the basis of race or (even assuming that the Complaint did contain such allegations) that such discrimination concerned one or more of the activities enumerated in Section 1981," which "includes the right to make and enforce contracts." *Sec. & Data Techs., Inc. v. Sch. Dist. of Philadelphia*, 145 F. Supp.3d 454, 464 (E.D. Pa. 2015) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir.2002)); *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d. Cir. 2001). With respect to Plaintiff's allegations against Local 6, "[a] union may be liable under § 1981 if it instigated or actively supported an employer's discriminatory actions or if it otherwise discriminated against one of its members." *Danao v. ABM Janitorial Servs.*, 142 F. Supp.3d 363, 376-77 (E.D. Pa. 2015) (citing *Deans v. Kennedy House, Inc.*, 998 F. Supp.2d 393, 14 (E.D. Pa. 2014)).

Here, while Plaintiff alleges he was discriminated against on account of his race (he is Hispanic), he has not plausibly alleged that Local 6 had an intent to discriminate against him on the basis of his race or that Local 6 or its employees or agents "instigated or actively supported" any discrimination by Tasting Baking Company or its employees on the basis of Plaintiff's race. For instance, Plaintiff's two most specific allegations concerning Local 6—shop steward Fields's filing of two grievances on his behalf—do not even mention racial discrimination as the basis of those grievances. *See, e.g.*, *Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, 2010 WL 4668469, at *6 (W.D. Pa. Nov. 9, 2010) (Section 1981 claims must be supported by

allegations of racial discrimination).  Because Plaintiff has abandoned his Section 1981 claim by

failing to respond to Local 6's motion with respect to it and, in any case, fails to state a plausible

claim, Count I shall be dismissed with prejudice.  *See, e.g.*, *Shoffner v. Wenerowicz*, 2015 WL

4199075, at *5 (E.D. Pa. July 13, 2015) (dismissing claim with prejudice after plaintiffs failed to

address arguments against the claim in their opposition to defendants' motion to dismiss).

### ii.    FMLA

Turning to Plaintiff's FMLA interference and retaliation claims (Count VI), Local 6

argues that they should be dismissed pursuant to Rule 12(b)(6) because (1) Local 6 is not

Plaintiff's employer and (2) no allegations support that Local 6 denied Plaintiff FMLA benefits

to support an interference claim.  Plaintiff offers no response to Local 6's argument and,

accordingly, he has abandoned the claims.  *See Delaware Valley Bindery*, 2017 WL 4119597, at

*4.  And, rightly so.  If Local 6 is not Plaintiff's employer, he has no claim against the union.

More specifically, to state a claim under the FMLA, Plaintiff must plead that Local 6 falls within

the Act's definition of "employer."  *Pinto v. Bricklayers & Allied Craftworkers Loc. 1 PA/DE*,

2019 WL 859307, at *2 (E.D. Pa. Feb. 22, 2019); *see also Malone v. Securitas Sec. Servs.*, 2015

WL 5177549, at *3 (N.D. Ill. Sept. 3, 2015), *aff'd sub nom. Malone v. Securitas Sec. Servs. USA,

Inc.*, 669 F. App'x 788 (7th Cir. 2016) ("FMLA regulations do not extend to unions unless the

union was the plaintiff's employer.").

While Plaintiff alleges that Defendant Tasty Baking Company is his employer, he has not

alleged any facts to support that Local 6 falls within the FMLA's definition of an employer.

Instead, he offers only a conclusory allegation that Tasty Cake and Local 6 are "sufficiently

interrelated and integrated . . . that they me [sic] be treated as a single and/or joint employer for

purposes of this civil action."  Accordingly, Plaintiff's FMLA claims must be dismissed.  *See,*

*e.g.*, *Morgan v. Alachua Cnty.*, 2013 WL 4780128, at *3 (N.D. Fla. Sept. 5, 2013) (listing cases dismissing FMLA claims against unions on grounds unions were not employers under the FMLA); *Eckert v. United Auto. Workers Loc. Union 897*, 2005 WL 2126295, at *10 (W.D.N.Y. Sept. 1, 2005) (dismissing FMLA claim against union where union was not the plaintiff's employer).  Given that Local 6 is not Plaintiff's employer, further amendment would be futile. *See, e.g.*, *Watkins v. Chicago Transit Auth.*, 2012 WL 580751, at *1 (N.D. Ill. Feb. 22, 2012) (dismissing FMLA claim against union with prejudice where union was not plaintiff's employer).

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**